UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DESHAWN P. MALONE,

    Plaintiff,

v.

A. ZARATE, et al.,

    Defendants.

Case No. 23-cv-02652-DMR (PR)

**ORDER OF PARTIAL DISMISSAL WITH LEAVE TO AMEND; AND SERVING COGNIZABLE CLAIM**

## I. INTRODUCTION

Plaintiff, who is currently incarcerated at Salinas Valley State Prison ("SVSP"), filed this *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* will be granted in a separate order.

Plaintiff has named the following Defendants from SVSP both individually and in their official capacity: Correctional Officers A. Zarate, Camacho, J. Larraux, and D. Vaca. *Id.* at 2.[1] Plaintiff seeks declaratory relief as well as monetary and punitive damages. *Id.* at 3, 6.

Venue is proper because the events giving rise to Plaintiff's claims in his complaint are alleged to have occurred at SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

The court now reviews Plaintiff's complaint pursuant to 28 U.S.C. § 1915.

## II. STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of

---

[1] Page number citations refer to those assigned by the court's electronic case management filing system and not those assigned by Plaintiff.

the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### III. LEGAL CLAIMS

#### A. Official Capacity Claim

Plaintiff has sued the named Defendants individually and in their official capacity seeking monetary relief. Dkt. 1 at 3. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Unless waived, the Eleventh Amendment bars a federal court award of damages against a state, state agency, or state official sued in an official capacity. *Id.* at 169. As there has been no waiver here, Plaintiff's claim against Defendants in their official capacity for monetary damages is DISMISSED, and Plaintiff shall be granted leave to amend, provided he can do so in good faith.

### B. Eighth Amendment Claim

Plaintiff alleges that on February 4, 2023, Defendants Zarate and Camacho conducted a random cell search on his cell. Dkt. 1 at 2. Even though Plaintiff told them his cell had already been searched within the past week, they "disregarded this and proceeded to strip out Plaintiff." *Id.* at 3. The court assumes this means Plaintiff was ordered to do a strip search. *Id.* Plaintiff claims this was "done with the cell door fully open in full view of everyone out at dayroom, female staff, and with the body cameras still on [and] recording." *Id.* Plaintiff alleges that these Defendants had only been conducting a "random cell search," and that "a strip search must generally be justified by individualized suspicion of contraband." *Id.* He claims this was not the case here, and instead these Defendants "treated [him] [as] less than human as [he] was humiliated in full view of everyone out at [the] dayroom, including female staff, with the intent to disrespect, humiliate, and sexually harass [him] to establish an 8th Amendment violation." *Id.* at 4. Plaintiff claims that afterwards, he filed a 602 inmate grievance stemming from this incident. *Id.* at 4.

Liberally construed, Plaintiff's allegations are sufficient to state a cognizable claim for the violation of his rights under the Eighth Amendment. *See Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1142 (9th Cir. 2011) (en banc); *Byrd v. Maricopa Cty. Bd. of Supervisors*, 845 F.3d 919, 922-25 (9th Cir. 2017).

### C. Retaliation Claim

Plaintiff claims that on February 20, 2023, he was "subjected to retaliation by Defendants Larraux and Vaca" when they "subjected Plaintiff to a retaliatory cell search for filing a 602 appeal reporting staff misconduct" by Defendants Zarate and Camacho stemming from the February 4, 2023 incident. Dkt. 1 at 5.

Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 283-84 (1977). To state a claim for First Amendment retaliation against a government official, a plaintiff must demonstrate that (1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the

3

1   protected activity; and (3) there was a substantial causal relationship between the constitutionally
2   protected activity and the adverse action. *Mulligan v. Nichols*, 835 F.3d 983, 988 (9th Cir. 2016).
3   Accordingly, a prisoner suing prison officials under section 1983 for retaliation must allege he was
4   retaliated against for exercising his constitutional rights and that the retaliatory action did not
5   advance legitimate penological goals, such as preserving institutional order and discipline. *See*
6   *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Retaliation claims brought by prisoners must
7   be evaluated in light of concerns over "excessive judicial involvement in day-to-day prison
8   management, which 'often squander[s] judicial resources with little offsetting benefit to anyone.'"
9   *Id.* at 807 (quoting *Sandin v. Conner*, 515 U.S. 472, 482 (1995)). In particular, courts should
10  "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered
11  legitimate penological reasons for conduct alleged to be retaliatory." *Id.* (quoting *Sandin*, 515
12  U.S. at 482). Finally, a prisoner must at least allege that he suffered harm, since harm that is more
13  than minimal will almost always have a chilling effect. *Rhodes v. Robinson*, 408 F.3d 559, 567-68
14  n.11 (9th Cir. 2005).

15  Plaintiff has not stated a cognizable retaliation claim against Defendants Larraux and Vaca
16  as he has failed to allege facts that show the alleged retaliatory actions of which he complains
17  were taken *because of* Plaintiff's protected conduct. The complaint's factual allegations regarding
18  these Defendants' motivation for their alleged retaliatory actions are, at best, speculative.
19  Specifically, Plaintiff states in a conclusory fashion that Defendants Larraux's and Vaca's cell
20  search was "retaliatory" because it was "conducted within a matter of days after Plaintiff filed a
21  602 appeal." Dkt. 1 at 5. However, retaliation is not established simply by showing adverse
22  activity by these Defendants after protected speech; rather, Plaintiff must show a nexus between
23  the two. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim
24  cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, i.e., "after this, therefore because
25  of this"). In addition, Plaintiff does not allege whether Defendants Larraux and Vaca knew about
26  Plaintiff's conduct, i.e., his 602 appeal filed against Defendants Zarate and Camacho. Without
27  non-speculative allegations of Defendants Larraux's and Vaca's motivation for their alleged
28  retaliatory actions and knowledge of such protected conduct, no claim for retaliation is stated.

1    Accordingly, Plaintiff's retaliation claim is DISMISSED with leave to amend if he can in good
2    faith allege facts, subject to proof, that cure the pleading deficiencies noted above.  If Plaintiff
3    chooses to amend his retaliation claims against Defendants Larraux and Vaca, he must proffer
4    enough facts to state a plausible claim that these Defendants' actions were in fact retaliatory and
5    that such retaliatory actions were done as a result of Plaintiff's constitutionally protected activity.

## IV.   CONCLUSION

For the foregoing reasons, the court orders as follows:

1.   Plaintiff's complaint states a cognizable Eighth Amendment claim against Defendants Zarate and Camacho stemming from the February 4, 2023 incident.

2.   The court DISMISSES with leave to amend Plaintiff's remaining official capacity and retaliation claims to correct the aforementioned deficiencies, as explained above.  If Plaintiff chooses to file amended claims, he must file them in an amended complaint within **twenty-eight (28) days** of the date of this Order.  The amended complaint must include the caption and civil case number used in this Order, Case No. C 23-cv-2652-DMR (PR) and the words "AMENDED COMPLAINT" on the first page.  Plaintiff must use the court's complaint form and answer all the questions on the form in order for the action to proceed.  Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint *all* the claims he wishes to present, including any amended claims as well as the Eighth Amendment against Defendants Zarate and Camacho, which the court has already found cognizable.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the prior complaint by reference.  Failure to file an amended complaint in accordance with this Order in the time provided will result in the following: (1) the dismissal of his remaining claims, including his official capacity claim and his retaliation claim against Defendants Larraux and Vaca; (2) the initial complaint (Dkt. 1) remaining the operative complaint; and (3) this action proceeding in accordance with this Order.

3.   The following Defendant(s) shall be served: **Correctional Officers A. Zarate and Camacho at SVSP.**

Service on the listed Defendant(s) shall proceed under the California Department of

1  Corrections and Rehabilitation's (CDCR) e-service pilot program for civil rights cases from
2  prisoners in CDCR custody. In accordance with the program, the Clerk of the Court is directed to
3  serve on CDCR via email the following documents: the operative complaint, this order of service,
4  the notice of assignment of prisoner case to a United States magistrate judge and accompanying
5  magistrate judge jurisdiction consent or declination to consent form, a CDCR Report of E-Service
6  Waiver form and a summons.

7  No later than **forty (40) days** after service of this order via email on CDCR, CDCR shall
8  provide the court a completed CDCR Report of E-Service Waiver advising the court which
9  Defendant(s) listed in this order will be waiving service of process without the need for service by
10 the United States Marshal Service (USMS) and which Defendant(s) decline to waive service or
11 could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver
12 and of the notice of assignment of prisoner case to a magistrate judge and accompanying
13 magistrate judge jurisdiction consent or declination to consent form to the California Attorney
14 General's Office, which, within **twenty-one (21) days**, shall file with the court a waiver of service
15 of process for the Defendant(s) who are waiving service and, within **twenty-eight (28) days**
16 thereafter, shall file a magistrate judge jurisdiction consent or declination to consent form as to the
17 Defendant(s) who waived service.

18 Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each
19 Defendant who has not waived service according to the CDCR Report of E-Service Waiver a
20 USM-205 Form. The clerk shall provide to the USMS the completed USM-205 form and copies
21 of this order, summons, operative complaint and notice of assignment of prisoner case to a
22 magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent
23 form for service upon each Defendant who has not waived service. The clerk also shall provide to
24 the USMS a copy of the CDCR Report of E-Service Waiver.

25 The clerk shall also mail a copy of the operative complaint and a copy of this order to the
26 State Attorney General's Office in San Francisco. Additionally, the clerk shall mail a copy of this
27 order to Plaintiff.

28     4.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

6

1    requires Defendants to cooperate in saving unnecessary costs of service of the summons and

2    complaint.  If service is waived, this action will proceed as if Defendants had been served on the

3    date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendants will not be

4    required to serve and file an answer before **sixty (60) days** from the date on which the CDCR

5    provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's

6    Office.  (This allows a longer time to respond than would be required if formal service of

7    summons is necessary.)  If Defendants have not waived service and have instead been served by

8    the USMS, then Defendants shall serve and file an answer within **twenty-one (21) days** after

9    being served with the summons and complaint.

10       5.     Defendants shall answer the complaint in accordance with the Federal Rules of

11   Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

12       a.     No later than **sixty (60) days** from the date their answer is due, Defendants

13   shall file a motion for summary judgment or other dispositive motion.  The motion must be

14   supported by adequate factual documentation, must conform in all respects to Federal Rule of

15   Civil Procedure 56, and must include as exhibits all records and incident reports stemming from

16   the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[2] notice

17   so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to

18   oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out

19   in Rand must be served concurrently with motion for summary judgment).  A motion to dismiss

20   for failure to exhaust available administrative remedies must be accompanied by a similar notice.

21   However, the court notes that under the new law of the circuit, in the rare event that a failure to

22   exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule

23   12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.

24   *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315

25   F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative

26   remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a

27

28       [2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

7

1    defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on
2    the face of the complaint, Defendants must produce evidence proving failure to exhaust in a
3    motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most
4    favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment
5    under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the
6    district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at
7    1168.

8    If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on Plaintiff.

b.   Plaintiff's opposition to the dispositive motion shall be filed with the court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

c.   Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendants argue that the failure to

exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.     Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

        e.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

6. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

7. All communications by Plaintiff with the court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes

while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the pro se party indicating a current address. *See* L.R. 3-11(b).

9. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

10. The clerk send Plaintiff a blank civil rights form along with a copy of this Order.

IT IS SO ORDERED.

Dated: October 2, 2023

_____

DONNA M. RYU
United States Magistrate Judge