UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN P. MALONE,<br><br>    Plaintiff,<br><br>    v.<br><br>A. S. ZARATE PONCE,<br><br>    Defendant. | Case No. 23-cv-02652-DMR (PR)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

## I. INTRODUCTION

Plaintiff, who is currently incarcerated at Salinas Valley State Prison ("SVSP"), filed this *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff named the following Defendants from SVSP both individually and in their official capacity: Correctional Officers A. S. Zarate Ponce, C. Camacho, J. Larraux, and D. Vaca. Dkt. 1 at 3.[1]

This action has been assigned to the undersigned magistrate judge. Pursuant to 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in a case, including entry of judgment. Appeal will be directly to the United States Court of Appeals for the Ninth Circuit. *See* 28 U.S.C. § 636(c)(3). The parties have consented to magistrate judge jurisdiction in this matter. Dkts. 7, 14.

On October 2, 2023, upon conducting an initial review of the complaint, the court dismissed certain claims with leave to amend, determined that Plaintiff's allegations were sufficient to state a cognizable claim for the violation of his rights under the Eighth Amendment, and issued service on Defendants Zarate Ponce and Camacho. *See* Dkt. 10. Thereafter, on March

---

[1] Page number citations refer to those assigned by the court's electronic case management filing system and not those assigned by the parties.

20, 2024, the court received a copy of the "Stipulation for Voluntary Dismissal with Prejudice of Defendant C. Camacho Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)" signed by both parties. Dkt. 22 at 2. In an Order dated March 28, 2024, the court dismissed with prejudice all claims asserted against Defendant Camacho pursuant to the stipulation. Dkt. 23 at 1. The court also dismissed all claims against Defendants in their official capacity as well as the retaliation claim against Defendants Vaca and Larraux because Plaintiff failed timely to amend his complaint pursuant to the Court's October 2, 2023 Order. *Id.* at 2. Thus, the only remaining defendant is Defendant Zarate Ponce ("Defendant").

Plaintiff claims that Defendant subjected him to an unclothed body search in violation of his Eighth Amendment rights. Dkt. 1 at 3. Plaintiff seeks punitive damages and injunctive relief. *Id.* at 3, 6. Venue is proper because the events giving rise to Plaintiff's claims in his complaint are alleged to have occurred at SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

Before the court is Defendant's motion for summary judgment. Dkt. 21. Plaintiff has not filed an opposition to the motion.[2] For the reasons set out below, the motion is GRANTED.

## II.   FACTUAL BACKGROUND

### A.   Plaintiff's Version

As mentioned above, Plaintiff did not file an opposition to the pending motion for summary judgment. Plaintiff's verified complaint, which is being used as an opposing affidavit, describes the search that occurred. *See* Dkt. 1. Plaintiff alleges that on February 4, 2023, he was subject to cruel and unusual punishment, sexual harassment and humiliation by the Defendant and

---

[2] The court may not grant a motion for summary judgment solely because Plaintiff has failed to file an opposition. *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact). This is so even if the failure to oppose violates a local rule. *See Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003). The court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001); *see also N. Am. Specialty Ins. Co. v. Royal Surplus Lines Ins. Co.*, 541 F.3d 552, 558 (5th Cir. 2008) (if no factual showing is made in opposition to a motion for summary judgment, court not required to search record *sua sponte* for triable issue of fact).

1  Officer Camacho. *Id.* at 2. On that day, Defendant and Officer Camacho conducted a random cell
2  search of Plaintiff's cell. *Id.* Plaintiff alleges that Defendant had only been conducting a "random
3  cell search," and that "a strip search must generally be justified by individualized suspicion of
4  contraband." *Id*. After showing Defendant and Officer Camacho a cell search receipt from the
5  previous week, Plaintiff claims that both officers entered his cell for a search and proceeded to
6  strip him of his clothing. *Id*. at 3. This strip search occurred while the cell door was fully open,
7  "in full view of everyone out at dayroom, female staff, and with the body cameras still recording."
8  *Id*. Plaintiff claims that by conducting the strip search in public view of others, Defendant "treated
9  [Plaintiff] [as] less than human as [he] was humiliated in full view of everyone out at [the]
10 dayroom, including female staff, with the intent to disrespect, humiliate, and sexually harass [him]
11 to establish an [Eighth] Amendment violation." *Id*. at 4

### B. Defendant's Version

Defendant and Officer Camacho have filed declarations showing the following facts. *See* Dkts. 21-2, 21-4. On February 4, 2023, Defendant and Officer Camacho chose three cells at random to conduct a search. Zarate Ponce Decl. ¶ 2; Camacho Decl. ¶ 2. Defendant then notified Plaintiff that they would be conducting a random cell search and asked him to submit to an initial unclothed body search. *Id*. Plaintiff agreed and submitted to the unclothed body search without incident. *Id*.

The search itself occurred in Plaintiff's second-tier cell. Zarate Ponce Decl. ¶ 3; Camacho Decl. ¶ 3. Both Defendant and Officer Camacho stood just outside of the cell entrance and collected Plaintiff's clothing as he took it off. *Id*. They allege that they "positioned [their] bodies in front of the cell entrance to shield [Plaintiff']'s body from possible view by any other individuals in the dayroom floor below." *Id*. Defendant claims that he "d[id] not specifically recall if [his] body-worn camera was recording during the February 4, 2023 unclothed-body search of [Plaintiff]." Zarate Ponce Decl. ¶ 4. Defendant adds:

> . . . it is my regular custom and practice to turn my body-worn camera off when I conduct unclothed body searches. Therefore, based on my regular custom and practice, I would have turned my body-worn camera off when I conducted [Plaintiff's] unclothed body search. If my body-worn camera did record Plaintiff's unclothed body search,

> it would have been accidental and not intentional or otherwise malicious. I am not aware of any body-worn camera footage that exists from this incident.

*Id.*

After completing the unclothed body search, Plaintiff went downstairs to the dayroom, and Defendant and Officer Camacho conducted the search of the cell. *Id.*

## III. DISCUSSION

Defendant filed a motion for summary judgment on the grounds that Plaintiff fails to establish the elements of an Eighth Amendment claim and that Defendant is entitled to qualified immunity. Dkt. 21 at 2.

### A. Standard of Review for Summary Judgment

"[S]ummary judgment is appropriate where there 'is no genuine issue as to any material fact" and the moving party is "entitled to a judgment as a matter of law.'" *Alabama v. North Carolina*, 560 U.S. 330, 344 (2010) (quoting Fed. Rule Civ. Proc. 56(c)) (citing cases). "The burden of establishing the nonexistence of a 'genuine issue' is on the party moving for summary judgment." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). The movant must inform the district court "of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.

Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial. *Id.* at 324. "This burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence." *In re Oracle Corp. Secs. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). An issue is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *See Liberty Lobby*, 477 U.S. at 322-23. All reasonable inferences are to be drawn in favor of the party against whom summary judgment is sought. *Matsushita Elec. Indus. Co. , Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

4

A district court may only consider admissible evidence in ruling on a motion for summary judgment. *See* Fed. R. Civ. P. 56(e); *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002). In support of the motion for summary judgment, Defendant has filed declarations and exhibits from himself, Officer Camacho, and Defendant's attorney Deputy Attorney General Le-Mai D. Lyons. *See* Dkts. 21-2 – 21-4. Plaintiff has not filed an opposition to the motion for summary judgment. However, Plaintiff's verified complaint may be used as an opposing affidavit under Rule 56, to the extent that it is based on personal knowledge and sets forth specific facts admissible in evidence. *Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995).

### B.     Eighth Amendment Claim

Here, Defendant argues that he is entitled to summary judgment on the grounds that Defendant did not violate Plaintiff's Eighth Amendment rights, and he is entitled to qualified immunity. *See* Dkt. 21.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment. The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). A prison official violates the Eighth Amendment only if two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind. *See Farmer v. Brennan, 511 U.S. 825, 832 (1994).*

A prisoner may state an Eighth Amendment claim under Section 1983 for sexual harassment if the alleged sexual harassment was sufficiently harmful, i.e., a departure from "the evolving standards of decency that mark the progress of a maturing society," and the defendant acted with intent to harm the prisoner. *See Thomas v. District of Columbia*, 887 F. Supp. 1, 3-4 (D.D.C. 1995) (citing *Hudson v. McMillian*, 503 U.S. 1, 6, 8 (1992)) (internal quotations and citation omitted). The Eighth Amendment's prohibition against cruel and unusual punishment may also be violated by certain body searches. *See id.*; *cf. Byrd v. Maricopa County Bd. of Supervisors*, 845 F.3d 919, 924 (9th Cir. 2017) (pretrial detainee's allegation that he alerted prison officials of his discomfort with defendants' policy of permitting female guards to regularly view his bathroom and shower use from 4-5 feet away because of detainee's past sexual abuse was

1  sufficient to state a claim for relief against cruel and unusual punishment).

2        Here, Plaintiff claims that Defendant asked him to conduct a single unclothed body search
3  while Plaintiff's cell door was fully open. Dkt. 1 at 4. By conducting the search in view of others,
4  Plaintiff alleges that Defendant did the strip search "with the intent to disrespect, humiliate, and
5  sexually harass [him]." *Id*.

6        As previously noted, a prison official violates the Eighth Amendment only if two
7  requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and
8  (2) the prison official possesses a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 834.

9        In evaluating the first prong, the court finds that Defendant's conduct does not amount to a
10 sufficiently serious or harmful deprivation. Plaintiff does not allege that Defendant said or did
11 anything inappropriate during the unclothed body search nor did Plaintiff experience any physical
12 injuries. Dkt. 1 at 4. The humiliation that Plaintiff suffered from the single incident does not rise
13 to the level of severe psychological pain required to properly state an Eighth Amendment Claim.
14 *See Watison v. Carter*, 668 F.3d 1108, 1113 (9th Cir. 2012) (finding that correctional officer
15 rubbing his thigh on inmate's thigh during search did not rise to level of pain required to state
16 Eighth Amendment claim).

17       The presence of female staff or other inmates is not enough to satisfy the sufficiently
18 serious requirement. The Ninth Circuit has held that a plaintiff's Eighth Amendment claim based
19 solely on exposure of his unclothed body and subsequent humiliation by guards falls short of the
20 requisite standard, stating, "[t]o hold that gawking, pointing, and joking violates the prohibition
21 against cruel and unusual punishment would trivialize the objective component of the Eighth
22 Amendment test and render it absurd." *Somers v. Thurman*, 109 F.3d 614, 622-23 (9th Cir. 1997).
23 While the court recognizes that Plaintiff's experience of the unclothed body search may have been
24 humiliating, the conduct of the search itself and the presence of a female officer or other inmates
25 in the dayroom was not objectively harmful enough to meet the Eighth Amendment standards.

26       To the extent that Plaintiff contends that Defendant's body-worn camera was on during the
27 unclothed body search that occurred on February 4, 2023, *see* Dkt. 1 at 3, the disputed fact is not
28 material to the court's findings. Defendant claims not to have been recording during the unclothed

body search, *see* Zarate Ponce Decl. ¶ 4, but even if he had been recording he argues "there is no other evidence to support a claim that [he] had his camera on in order to inflict psychological pain that rises to the level of an Eighth Amendment violation," Dkt. 21 at 7.  The Ninth Circuit has yet to weigh in on this specific issue.  The Sixth and Seventh Circuits and certain district courts have rejected Eighth Amendment claims where an officer's body-worn camera recorded an inmate's unclothed body search.  *See Hubbert v. Myers*, 4 F.3d 994 (6th Cir. 1993) (affirming summary judgment on constitutional claims stemming from strip search videotaped by female prison employee); *Fillmore v. Page*, 358 F.3d 496, 500 (7th Cir. 2004) (stating that policy of recording strip searches may "protect guards and prisoners alike"); *Abdullah v. Villanueva*, No. 2:24-CV-01033-DDP-KES, 2024 WL 1601308, at *4 (C.D. Cal. Feb. 27, 2024) (finding that cameras in shower area did not violate inmate's Eighth Amendment right because he did not allege any facts to show camera use was "excessive, vindictive, harassing, or unrelated to any legitimate penological interest"); *McGibbon v. Stephenson*, No. 22-cv-12167, 2023 WL 9105377, at **1-2 (E.D. Mich. Sept. 20, 2023) (recommending screening and dismissal of Eighth Amendment claim for prison staff video recording prisoner's strip search), *R&R adopted in* No. 2:22-CV-12167, 2023 WL 8543146 (E.D. Mich. Dec. 11, 2023); *Samsa v. Rohwer*, No. 23-CV-144-JDP, 2023 WL 3019902, at *2 (W.D. Wis. Apr. 20, 2023) (clarifying that use of body-worn camera during unclothed body search does not suggest intention to humiliate inmate).   Here, the court finds that a body-worn camera recording does not render the claimed deprivation sufficiently serious or harmful under the Eighth Amendment standard.  There are no facts to suggest that the recording, if it occurred, was excessive or otherwise inappropriate.

For the reasons explained above, the court finds that based on this record, a reasonable factfinder could not conclude that Defendant's conduct rose to the level of being sufficiently serious or harmful and as such does not satisfy the objective element of the Eighth Amendment.

The second prong of an Eighth Amendment claim requires that the prison official possess a sufficiently culpable state of mind.  *Farmer*, 511 U.S. at 834.  Here, Plaintiff has not offered facts sufficient to meet that standard.  No facts suggest that Defendant intended to humiliate or "dehumanize" Plaintiff.  Defendant claims that he was carrying out the facility policy regarding

7

random searches, stating:

> My duties that day included conducting 3 random cell searches to intercept possible contraband, for the safety and security of inmates, staff, and the institution. We selected three cells at random to search, and inmate DeShaun Malone's (CDCR No. AD7786) cell was the second of the three cells randomly chosen that day.

Zarate Ponce Decl. ¶ 2.

On this record, a reasonable factfinder could not conclude that Defendant had a sufficiently culpable state of mind. No facts support that Defendant chose to search Plaintiff's cell or conduct a single unclothed body search of Plaintiff for an ulterior motive, or that Defendant conducted the unclothed body search in order to humiliate or harm Plaintiff. The court finds that Plaintiff has failed to identify material disputes of fact from which a juror could determine that Defendant acted with a sufficiently culpable state of mind when ordering Plaintiff to submit to an unclothed body search.

In sum, no reasonable factfinder could conclude based on the evidence presented that the harm suffered by Plaintiff rose to the level of sufficient seriousness or that Defendant had a culpable state of mind when ordering the unclothed body search. For the reasons stated above, the court GRANTS Defendant's motion for summary judgment.[3]

## IV.   CONCLUSION

For the foregoing reasons, the court orders as follows:

1. The court GRANTS Defendant's motion for summary judgment. Dkt. 21.

2. The Clerk of the Court shall terminate all pending motions and close the file.

3. This Order terminates Docket No. 21.

**IT IS SO ORDERED.**

Dated: March 24, 2025

DONNA M. RYU
Chief Magistrate Judge

---

[3] In light of this conclusion, the court need not consider Defendant's alternate argument that he is entitled to qualified immunity.

8